UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEVLIN JAMAN PEETE,<br><br>Plaintiff,<br><br>v.<br><br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO, *et al.*,<br><br>Defendants. | Case No. 2:23-cv-01619-TLN-JDP (PC)<br><br>ORDER |

Plaintiff, a state prisoner, brings this against the State of California, State of California Sacramento Superior Court, and Judge Tami R. Bogert. ECF No. 1. While plaintiff styles his pleading as an action removed from Sacramento Superior Court, it appears that this pleading may not have been first filed in state court. In any event, the allegations in the complaint are insufficient to proceed. I will give plaintiff one opportunity to file an amended complaint before recommending that this action be dismissed.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon

1

which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

The complaint alleges that plaintiff, a "sovereign Moorish American," seeks to have his state court criminal conviction for "murder/robbery" vacated because he is neither a citizen of the United States nor bound by California's jurisdiction. ECF No. 1 at 3, 16-18. The complaint alleges that plaintiff has paperwork confirming his "sovereign Moorish American national status, and renunciation of United State citizenship." *Id.* at 3. Plaintiff states that he sent that paperwork to the Sacramento County Superior Court and District Attorney's Office in an attempt to vacate his criminal conviction but received no response from either. *Id.* at 3, 16-18. The state court additionally denied plaintiff's motion for default judgment filed earlier this year. *Id.* at 3.

Courts have categorically rejected claims based on sovereign citizen theories as frivolous. *See United States v. Ward*, 182 F.3d 930 (9th Cir. 1999) (noting that contentions based on sovereign citizen arguments are "frivolous" and that "courts ordinarily reject similar contentions without extended argument"). Rejection is appropriate here; the complaint does not state a viable claim. The complaint has identified no cognizable causes action against any of the named defendants, and its assertion that California retains no jurisdiction over plaintiff is not supported by valid authority. *See Bey v. Gascon*, No. 19-cv-03184-WHO, 2019 WL 5191012, at *6 (N.D. Cal. Oct. 15, 2019) (concluding that the plaintiff's argument that "the state of California has 'no jurisdiction' over him as a 'Moorish American,' [is] a theory that has been rejected by multiple courts") (citing *Gravatt v. United States*, 100 Fed. Cl. 279, 282 (2011)).

Plaintiff may file an amended complaint. He is advised that the amended complaint will supersede the current complaint. *See Lacey v. Maricopa Cnty.*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number.

Accordingly, it is ORDERED that:

1. Within thirty days from the service of this order, plaintiff may file an amended complaint. If he does not, I will recommend that this action be dismissed.

2. Failure to comply with this order may result in the dismissal of this action.

3. The Clerk of Court is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated:  October 20, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3