UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN JAMAN PEETE,<br><br>    Plaintiff,<br><br>v.<br><br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO, *et al.*,<br><br>    Defendants. | Case No. 2:23-cv-01619-TLN-JDP (PC)<br><br>**FINDINGS AND RECOMMENDATIONS** THAT THE COMPLAINT FAILS TO STATE A COGNIZABLE CLAIM AND RECOMMENDING THAT THIS ACTION BE DISMISSED<br><br>ECF No. 9<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

    Plaintiff, a state prisoner at Mule Creek State Prison, brings this § 1983 action against the Sacramento County Superior Court and, as best I can tell, alleges that they have mishandled his filings and issued incorrect rulings against him. ECF No. 9 at 8-9. These allegations do not state a claim upon which relief may be granted and should be dismissed without leave to amend.

**Screening Order**

**I.     Screening and Pleading Requirements**

    A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable

1

claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Analysis**

As in his previous filings, plaintiff claims that he is a sovereign Moorish American, ECF No. 9 at 3, 5—relying on a type of legal theory that has been roundly rejected by federal courts. *See United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) ("We have repeatedly rejected their theories of individual sovereignty, immunity from prosecution, and their ilk."); *United States v. Ward*, 1999 U.S. App. LEXIS 9255, *5-6 (9th Cir. 1999) (deeming sovereign citizen argument "frivolous") (unpublished).  And the Sacramento County Superior Court is not a viable defendant in a § 1983 action.  *See Will v. Michigan Dept. Of State Police*, 491 U.S. 58, 71 (1989) ("We hold

that neither a State nor its officials acting in their official capacities are 'persons' under § 1983.");
see also Greater L.A. Council on Deafness, Inc. v. Zolin, 812 F.2d 1103, 1110 (9th Cir. 1987)
("[A] suit against the Superior Court is a suit against the State, barred by the eleventh
amendment.").

Accordingly, it is RECOMMENDED that the operative complaint, ECF No. 9, be
DISMISSED without leave to amend for failure to state a viable claim under § 1983.

These findings and recommendations are submitted to the United States District Judge
assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
after being served with these findings and recommendations, any party may file written
objections with the court and serve a copy on all parties.  Such a document should be captioned
"Objections to Magistrate Judge's Findings and Recommendations."  Any response to the
objections shall be served and filed within fourteen days after service of the objections.  The
parties are advised that failure to file objections within the specified time may waive the right to
appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez
v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   January 16, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3